IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  4:08cr32/RH
                4:10cv369/RH /CAS

TIMOTHY L. KELLEY

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 28, 29). The Government has filed a response (doc. 32) and Defendant has filed a reply (doc. 33). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be dismissed as untimely.

### PROCEDURAL BACKGROUND[1]

On July 1, 2008, Defendant was charged in a six count indictment with conspiracy to possess with intent to distribute and manufacture more than 50 grams of cocaine base and more than 500 grams of cocaine; three counts of distribution of specific controlled substances on dates certain; one count of possession with intent to distribute various controlled substances; and possession of a firearm by a convicted felon (doc.1). The Government filed an "Information and Notice of Intent" in which it indicated its intent to seek enhanced penalties based on two prior controlled substance convictions in 1996 and 2002 (doc. 6). On September 3, 2008, Defendant entered a plea of guilty

---

[1] The facts underlying Defendant's offense conduct are not relevant to the disposition of the instant motion and thus are not included herein.

to counts one, four, five and six of the indictment pursuant to an agreement in which both parties reserved the right to appeal any sentences imposed (docs. 18, 20 at 5). The Government's statement of facts was filed separately (doc. 19).

The Presentence Investigation Report ("PSR") was disclosed to the defense on October 9, 2008 (doc. 22). On November 13, 2008 Defendant was sentenced to concurrent terms of life imprisonment on counts one, four, and six, and a concurrent term of 360 months on count five (docs. 24, 25). Judgment was entered on November 18, 2008 (docs. 25, 26). Defendant did not appeal, and it is this lack of appeal that is the subject of the instant motion.

After judgement was returned executed in Defendant's case on February 23, 2009 (doc. 27), nothing further was filed until Defendant filed the instant motion to vacate on August 18, 2010 [2] (doc. 28 at 12). Defendant raises a single claim in his motion. He contends that counsel was constitutionally ineffective because counsel failed to file an appeal or to consult with him concerning an appeal. The Government opposes the motion (doc. 32).

## LEGAL ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

28 U.S.C. § 2255(f). Defendant acknowledges that his motion is facially untimely, but argues that equitable tolling should apply because he exercised reasonable diligence in trying to discover his claim pursuant to 28 U.S.C. § 2255(f)(4) (*see* doc. 28 at 11, doc. 29 at 3).

Although § 2255's limitation period may be equitably tolled, tolling is appropriate only when a movant untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones v. United States, 304 F.3d 1035, 1039–40 (11th Cir. 2002); Drew, 297 F.3d at 1286). The onus is on the defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).

In this case, Defendant attempts to recite the "magic language" of the standard, claiming that there were "extraordinary circumstances outside of [his] control" and that he was "diligent in his pursue [sic] of his right" (doc. 29 at 4). He asserts that he "did all that could be expected of him" and that he wrote to his prior counsel "inquiring about whether his attorney was supposed to file an appeal on his behalf or was his attorney supposed to consult with him in regards to an appeal" (doc. 29 at 5). However, Defendant's sworn declaration and the copies of his correspondence to counsel undermine rather than support his claim that he exercised due diligence and that equitable tolling should apply in his case.

In Defendant's declaration, Defendant states that at no time did counsel ever discuss anything regarding an appeal, although he recalls the court having told him that he had the right to appeal within ten days (doc. 29 at 7). Despite having had two prior state court convictions for drug offenses and having been informed by the district court in this case of his right to appeal, Defendant asserts that he "did not know what an appeal was nor did I understand exactly [sic] what to expect after the court pronounced my sentence" (*id*.). Defendant avers that it was not until August of 2009 when he spoke with a law clerk at USP McCreary that he learned that his attorney was supposed to consult with him about an appeal (*id*.). On the advice of this inmate law clerk, Defendant wrote

counsel a letter to "ask him why he did not pursue an appeal" on Defendant's behalf or consult with Defendant concerning an appeal (*id.* at 8). Defendant states that he did not receive any response from counsel after three or four letters (*id.*). He subsequently "got the assistance of this law clerk/litigator to help [him] pursue this 2255 motion" (*id.*).

Defendant has appended to his memorandum copies of three letters that he purportedly sent to counsel about his appeal (doc. 29 at 9–11).[3] The first letter is dated August 12, 2009 (*id.* at 9). In that letter Defendant notes that he had met a person at USP McCreary who had told him that counsel was supposed to file an appeal, and states that he is writing to inquire "why did you not pursue an appeal" in his case (*id.* at 9). Thus, from the contents of this letter, it is clear that as early as August 12, 2009, Defendant knew that no appeal had been filed in his case.

In the second letter to counsel, dated November 17, 2009, Defendant refers to his initial letter and notes "As I told you in the last letter I met a person who happens to be a law clerk or a so called jail house lawyer. And he told me that you were suppose to file an appeal in my case or at least discuss with me the possibility of an appeal" (*id.* at 10). Thus, this letter further suggests that Defendant also knew no later than August 12, 2009 (when he first talked to the inmate law clerk) that counsel was supposed to consult with him about an appeal. The last letter was dated May 23, 2010, over nine months after the first letter and six months after the second one (*id.*). In it, Defendant again seeks information about his appeal (*id.* at 11).

To the extent Defendant contends that he pursued this issue with any sort of diligence, the undersigned disagrees. Three letters over the nine month period after Defendant learned of counsel's alleged breach of duty does not amount to reasonable diligence and does not justify equitable tolling. *See* Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002). In addition to the long span of time between the letters, there is no indication that either before or after this time Defendant ever attempted to contact counsel by phone. Similarly, despite knowing of the appeal

---

[3] The Government questions whether the letters were actually sent to defense counsel or whether they are after-the-fact efforts to create a trail of "reasonable efforts" (doc. 32 at 20–22). While the Government's suspicions may be well-founded, for the purpose of this recommendation the court will assume that Defendant actually mailed the letters to counsel on the date indicated on each letter.

Case Nos.: 4:08cr32/RH; 4:10cv369/RH/CAS

deadline, there is no evidence or suggestion that Defendant ever attempted to contact the court directly, whether in writing or telephonically.

Even if the court gives Defendant the benefit of the doubt and accepts the proposition that Defendant did not learn of counsel's duty to file an appeal or consult with him about an appeal until Defendant spoke with the inmate law clerk in August of 2009, and that the limitations period should be equitably tolled until that point, his motion is clearly untimely. The conversation with the inmate law clerk had to have occurred prior to August 12, 2009, the date of the first letter. Nonetheless, the instant § 2255 motion was not filed until August 18, 2010 (*see* doc. 28 at 12). Because Defendant's motion is untimely, it should be dismissed.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 28) be **DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 19th day of July, 2013.

/s/*Charles A. Stampelos*
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**