## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                              CASES NO.  4:08cr32-RH/CAS
                                                           4:10cv369-RH/CAS

TIMOTHY L. KELLEY,

       Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant has moved under 28 U.S.C. § 2255 for relief from his

judgment of conviction.  The motion is before the court on the magistrate judge's

report and recommendation, ECF No. 38.  No objections have been filed.

The defendant's only claim is that his attorney rendered ineffective

assistance by failing to consult with the defendant about an appeal.  The defendant

says he would have appealed.  The report and recommendation correctly concludes

that the defendant's motion is barred by the one-year statute of limitations and that

the defendant's arguments for tolling fall short.

Applying the statute of limitations sometimes seems harsh.  Not so in this

case.  The defendant pleaded guilty and was sentenced to the minimum mandatory

term, undoubtedly hoping to obtain a later sentence reduction, as has occurred.

This was probably the best result the defendant could have hoped for. In any

event, the defendant has suggested no ground whatsoever for an appeal or for

challenging his conviction and sentence. Had the attorney been told to file an

appeal but not done so, the lack of meritorious grounds for an appeal would not

matter; an attorney who is directed to file an appeal must do so, even when the

attorney believes an appeal will be unfounded. And an attorney should consult

about an appeal in any event; an attorney renders ineffective assistance by

*improperly* failing to do consult, and again, the remedy is an appeal, even if the

appeal will be unfounded. But when a § 2255 motion is barred by the statute of

limitations, and there are absolutely no grounds for challenging the conviction or

sentence, applying the statute of limitations is not harsh.

A defendant may appeal the denial of a § 2255 motion only if the district

court or court of appeals issues a certificate of appealability. Under 28 U.S.C.

§ 2253(c)(2), a certificate of appealability may issue "only if the applicant has

made a substantial showing of the denial of a constitutional right." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.*

*Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting

out the standards applicable to a § 2254 petition on the merits).  As the Court said

in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in

order to obtain a certificate of appealability when dismissal is based on procedural

grounds, a petitioner must show, "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

The defendant has not made the required showing.  This order thus denies a

certificate of appealability.  Because the defendant has not obtained—and is not

entitled to—a certificate of appealability, any appeal by the defendant will not be

taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that

any appeal will not be taken in good faith and that the defendant is not otherwise

entitled to proceed *in forma pauperis* on appeal.  Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on August 22, 2013.

s/Robert L. Hinkle
United States District Judge